IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JESSICA LEE LEASHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 24-1036-EFM-BGS |
| | ) |
| MEGAN E. MASSEY, | ) |
| Assistant District Attorney, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM & ORDER ON *IN FORMA PAUPERIS* APPLICATION and**
**REPORT & RECOMMENDATION FOR DISMISSAL**

In conjunction with her Complaint, Plaintiff filed a Motion to Proceed Without Prepayment of Fees ("*In forma Pauperis* ('IFP') application") with a supporting financial affidavit (Docs. 4, 4-1, sealed). For the reasons set forth herein, Plaintiff's IFP application (Doc. 4) is **GRANTED**. The undersigned Magistrate Judge also **recommends** to the District Court that Plaintiff's Complaint (Doc. 1) be **DISMISSED** for failing to state a viable federal cause of action.

**I.   Motion to Proceed IFP.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." To succeed on an IFP motion, "the movant must show a financial inability to pay the required filing fees." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Proceeding IFP "in a civil case is a privilege, not a right – fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). The decision to grant or deny IFP status under § 1915 lies within the district court's sound discretion. *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001).

1

Based on the financial information provided by Plaintiff in his Motion and Affidavit of Financial Status, the Court believes Plaintiff may have the ability to pay at least a portion of the filing fee. However, because of the Court's recommendation of dismissal, *infra*, the Court will not require Plaintiff to provide partial payment of the filing fee but instead provisionally **GRANTS** her motion to proceed *in forma pauperis* (Doc. 4) pending any review by District Court's of the Report & Recommendation of Dismissal contained herein. Should Plaintiff's Complaint survive the undersigned's recommendation of dismissal, the undersigned will reevaluate the issue of requiring the payment of a partial filing fee. Based on the remainder of this Order, however, the Clerk is <u>not</u> directed to issue summons for service upon the Defendant at this time.

## II.       Sufficiency of Claims.

When a Plaintiff proceeds IFP, the Court may screen the Complaint under 28 U.S.C. § 1915(e)(2). Pursuant to that section, a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests." *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991).

In addition, the Court also has an obligation to ensure it has subject matter jurisdiction to hear and resolve the action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it

lacks subject-matter jurisdiction, the court must dismiss the action."). The Court may raise the issue *sua sponte*. *See 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006). Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when authorized. *Pfuetze v. Kansas*, No. 10-1139-CM-GLR, 2010 WL 3892243, at *3 (D. Kan. Sept. 29, 2010), *aff'd*, 420 F. App'x 854 (10th Cir. 2011). When it becomes apparent that subject matter jurisdiction is lacking, the Court must dismiss the case regardless of the stage of the proceeding. *Fish v. Kobach*, 189 F. Supp. 3d 1107, 1124–25 (D. Kan. 2016). The Court has a duty to raise and resolve issues of subject matter jurisdiction, even if no party has objected to the exercise of jurisdiction. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 305 (2006).

To determine whether a plaintiff has adequately alleged subject-matter jurisdiction, the Court looks to the face of the Complaint. *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). The Court will liberally construe the pleadings of a *pro se* plaintiff. *See Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir.1991). This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. *Hall*, 935 F.2d at 1110. *See also Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006). The Court will also liberally construe the pleadings of a *pro se* plaintiff. *See Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. *Hall*, 935 F.2d at 1110; *see also Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594 (1972). Liberally

3

construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007), and *Hall*, 935 F.2d at 1110 (holding that a plaintiff need not precisely state each element but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." *Fisher*, 531 F. Supp. 2d at 1260 (citing *Twombly*, 127 S. Ct. at 1974). Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." *Kay*, 500 F.3d at 1218 (citing *Twombly*, 127 S. Ct. at 1965).

The Court's relaxed scrutiny of the *pro se* plaintiff's pleadings "does not relieve [her] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. "Conclusory statements unsupported by factual allegations are insufficient to state a claim, even for a *pro se* plaintiff." *Olson v. Carmack*, 641 F.App'x. 822, 825 (10th Cir. 2016). "This is so because a *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury . . . ." *Hall*, 935 F.2d at 1110.

While a complaint generally need not plead detailed facts, it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. *Monroe v. Owens*, 38 F.App'x 510, 515 (10th Cir. 2002). Rule 8(a) requires three minimal pieces of information to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain

statement of the grounds upon which the Court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). After reviewing a plaintiff's Complaint and construing the allegations liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

The exact nature of Plaintiff's claims are difficult to ascertain. She has chosen not to use the District of Kansas form Civil Complaint for *pro se* litigants. Rather, she has drafted what she has titled a "Verified Show Cause of the Inferior Court's Personal Jurisdiction Over Plaintiff According to the United States Constitution." (Doc. 1, at 1.) The Complaint continues that Plaintiff has brought this case "for the purpose of testing the sufficiency of the jurisdiction of the Eighteenth Judicial District District Court, Juvenile Department, Sedgwick County, Kansas." (*Id.*, at 2.) She then "challenges the inferior court's personal jurisdiction and open's [sic] a court of record to move the above said court to a Court of Record for cause and dismissal for lack of personam jurisdiction in violation of [her] right of due process in a 'Court not of Record.'" (*Id.*) It appears that Plaintiff is attempting to use the United States District Court as a means to establish that the Juvenile Department of the Sedgwick County District Court does not have jurisdiction over her in regard to a Child in Need of Care petition filed in the interest of Plaintiff's children. (*See generally* Doc. 1; *See also* Doc. 1-2.)

Plaintiff cites a variety of legal authority, including cases from Missouri, Massachusetts, New York, New Mexico, Washington, Minnesota, and Alabama, as well as sections from the United States Code (18 U.S.C. §§ 241, 242 and 42 U.S.C. § 1983). (*See generally* Doc. 1.) As an initial matter, the Court notes that while § 1983 allows a civil action for the deprivation of certain rights, the other two federal statutes cited by Plaintiff are inapplicable here. Section 241 is a criminal statute prohibiting conspiracy against rights and violation of the Eighth Amendment. Section 242 is also a criminal statute imposing punishment resulting from the deprivation of rights under the color of

5

law.  While these federal statutes "authorize criminal prosecution for various acts, they do not authorize a private right of action," particularly not in a civil lawsuit.  *Perkins v. Univ. of Kan. Med. Ctr.*, No. 13-2530-JTM, 2014 WL 1356042, at *4 (D. Kan. April 7, 2014) (citing *Figueroa v. Clark*, 810 F.Supp. 613, 615 (E.D.Pa.1992) (holding that no private cause of action exists for alleged violations of criminal statutes 18 U.S.C. § 241 and 18 U.S.C. § 242).)

Further, to the extent the Court is able to discern them, the facts contained in Plaintiff's Complaint (Doc. 1) and related affidavit (Doc. 2) seem to relate to the Kanas state court family law/child in need of care proceedings initialed in Sedgwick County, Kansas.  In the case caption, Plaintiff lists "Megan E. Massey, Assistant District Attorney" as the only Defendant in this case.

The Court is, however, unable to find Ms. Massey referenced in any of the facts alleged by Plaintiff.  The only reference to Ms. Massey is that she appears to have filed the Child in Need of Care Petition at issue.  (Doc. 1-2, at 1, 8.)  Even assuming for the sake of argument that Plaintiff's federal civil rights were violated, she has failed to indicate how, when, or in what manner Ms. Massey did so.  The Court, therefore, **recommends** that Plaintiff's claims be **DISMISSED** on this basis.

Even assuming Plaintiff as alleged sufficient facts to support a § 1983 claim against Assistant District Attorney Massey, Plaintiff's claims against her are improper.  "It is well established that prosecutors are absolutely immune from suit under section 1983 concerning activities 'intimately associated with the judicial ... process[.]'" *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1489 (10th Cir. 1991) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S.Ct. 984, 994-95, 47 L.Ed.2d 128 (1976) and *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir.1990)).  "The rationale for granting absolute immunity in … these instances is to allow prosecutors and those performing equivalent functions 'the latitude to perform their [quasi-judicial] tasks absent the threat of retaliatory section 1983

litigation.'" *Id.*, at 1489-90 (citing *Snell*, 920 F.2d at 686–87 and *Imbler*, 424 U.S. at 424–26, 96 S.Ct. at 992–93).

In this case, Plaintiff's allegations relate to the initiation and pursuit of child in need of care proceedings by Defendant, in her position as an assistant District Attorney, as to Plaintiff's children. "Because Plaintiff's allegations and claims against [Defendant] are all based on activities associated with the judicial process, [Defendant is] entitled to absolute prosecutorial immunity." *Cline v. Russo*, No. 22-4010-JAR-TJJ, 2023 WL 2375107, at *3 (D. Kan. March 6, 2023). Thus, the Court **recommends** that Plaintiff's claims be **DISMISSED** on this basis.

Finally, because Plaintiff's claims against Defendant relate to Kanas state court family law/child in need of care proceedings that were adjudicated in the District Court of Sedgwick County, Kansas, this Court does not have subject matter jurisdiction over such claims. Pursuant to the *Rooker-Feldman* doctrine, a federal court does not have jurisdiction to review decisions of a state court or any claim "inextricably intertwined" with claims decided by a state court. *See Mounkes v. Conklin*, 922 F. Supp. 1501, 1508-10 (D. Kan. 1996) (explaining the doctrine, deriving from *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)). "The law does not allow Plaintiff to ignore state court procedures and remedies and collaterally attack state court rulings by filing a case in federal district court." *Amack v. Young Williams PC*, No. 21-4054, 2021 WL 6802807, at *2 (D. Kan. Sept. 20, 2021), *report and recommendation adopted*, No. 21-4054, 2022 WL 326357 (D. Kan. Feb. 3, 2022). The undersigned Magistrate Judge thus **recommends** to the District Court that Plaintiff's claims be **DISMISSED** for lack of subject matter jurisdiction and for failing to state a cause of action pursuant to federal law.

**IT IS THEREFORE ORDERED** that Plaintiff's *IFP* Application (Doc. 4) is **GRANTED**.

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiff's Complaint (Doc. 1) be **DISMISSED** for lack of subject matter jurisdiction and because she has failed to state a claim upon which relief may be granted as discussed above.  The Clerk's office shall not proceed to issue summons in this case.

**IT IS ORDERED** that a copy of the recommendation shall be sent to Plaintiff via certified mail.  Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and D. Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge.  Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED and RECOMMENDED**.

Dated at Wichita, Kansas, on this 14th day of March, 2024.

/S/ BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge